# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VALERIE GREENLEE,

    Defendant.

Case No. 15-20061-04-JAR

## MEMORANDUM AND ORDER

On December 19, 2016, Defendant Valerie Greenlee pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. § 2.[1] On September 12, 2017, this Court sentenced Defendant to 34 months' imprisonment.[2] At Defendant's request, the Court recommended she be considered for designation to a facility as close as possible to the Kansas City area to facilitate family visits; and that she be considered for participation in the Residential Drug Abuse Program ("RDAP") while incarcerated.[3]

This matter is now before the Court on Defendant's *pro se* Motion for Recommendation to the Bureau of Prisons ("BOP"), requesting the Court make a recommendation to include the Second Chance Act so that Defendant can receive a nine-to-twelve-month placement in a residential re-entry center ("RRC") at the conclusion of her sentence currently set for April 2020 (Doc. 274). The Court construes this as a motion to amend the judgment or, in the alternative,

---

[1]Docs. 124, 125.

[2]Doc. 218.

[3]*Id*.

1

for a supplemental recommendation by the Court made outside of the judgment concerning RRC placement.[4] As explained below, Defendant's motion is denied.

First, the Court has no authority or basis to amend the judgment. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[5] As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons", (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure", or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[6]

If a defendant's argument does not fit within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the request.[7] None of the avenues set forth above apply to this case.

Second, the Court declines to exercise its discretion to make a supplemental recommendation outside the judgment concerning RRC placement. The Court previously made

---

[4] *See United States v. McMillon*, No. 15-40064-05-DDC, 2017 WL 5904052, at *1 (D. Kan. Nov. 30, 2017) (construing defendant's motion for recommendation concerning length of residential re-entry center, halfway house, or home confinement placement time as a motion to amend the judgment, or, in the alternative, for a supplemental recommendation by the court made outside of the judgment concerning RRC or halfway house placement because the court already had made recommendations regarding defendant's prison placement, but made no recommendation about RRC or halfway house placement); *United States v. Grant*, No. 14-CR-296-FL-1, 2017 WL 2799851, at *1 (E.D.N.C. June 28, 2017) (same).

[5] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[6] *United States v. Blackwell*, 81 F.3d 945, 947–48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[7] *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

its recommendations at sentencing based on Defendant's circumstances. Defendant offers mitigating circumstances for the Court's consideration—she has a two-year old granddaughter with major health issues who is in the custody of Child Protective Services, she would like to obtain custody of the child, she has been taking classes while incarcerated, and she hopes to earn a degree in counseling upon her release. While the Court commends Defendant for her desire to raise her granddaughter, her participation in these programs, and her career goals upon release, these factors do not warrant a supplemental recommendation to the BOP.[8] Even if the Court were inclined to make the requested recommendation, however, it would not be binding on the BOP,[9] which has its own policies that will identify whether Defendant is eligible for RRC placement.[10] Accordingly, the Court does not have the authority to amend or supplement its recommendation to the BOP as requested, and Defendant's motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Recommendation to the Bureau of Prisons (Doc. 274) is **denied.**

**IT IS SO ORDERED.**

Dated: November 1, 2018

                                               S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[8] *See McMillon*, 2017 WL 5904052, at *2 (declining to make supplemental RRC recommendations based on defendant's participation in prison sports program and RDAP); *Grant*, 2017 WL 2799851, at *1 (declining to make supplemental RRC recommendation because the court carefully considered multiple factors bearing on defendant's incarceration at sentencing).

[9] *See* 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.").

[10] *See* U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 7310.04, Cmty. Corr. Ctr. (CCC) Utilization and Transfer Procedures (1998).